## GRANT *v.* BEARD & A.

50  129
71  373

The ratification, upon full knowledge of all the circumstances, of an act done by one assuming to be an agent, is equivalent to a prior authority.

Such ratification relates back to and incorporates the original transaction, so that, as between the parties, their rights and interests are to be considered as arising at the time of the original act, and not merely from the date of the ratification; and a suit to enforce the obligation of the party who ratifies, is, to all intents and purposes, a suit founded upon the original act or contract, and not upon the act of ratification.

In such case, no new consideration is necessary to support the act of ratification.

Where A, assuming to act as the agent of B, procured certain repairs upon wagons to be made by the plaintiff, A not being in fact authorized by B to make the contract, and B afterwards assented to and ratified the act of A—*Held*, that such ratification would make B liable to

the plaintiff, in assumpsit, for the repairs, whether B owned the wagons or received any benefit from the repairs of them or not.

ASSUMPSIT, to recover for repairs on two wagons. The plaintiff alleged that the defendants' father, who brought the wagons to be repaired, was their agent, and could and did bind them to pay for the repairs. Whether the father was the agent of the defendants, whether the defendants owned the wagons or received any benefit from the repairs, and whether the defendants subsequently assented to and ratified the contract, were questions in dispute on which the evidence was conflicting.

The plaintiff testified that the defendants' father told him that he was acting as agent for his two boys in the army (the defendants). The plaintiff further testified that he gave the credit to the defendants, though he charged the work on his book to the father, because he did not know the names of the defendants.

The plaintiff's evidence tended to show that the defendants, in their father's lifetime, some time after the repairs were made, said the plaintiff's bill was all right; that they paid part of it, and promised to pay the balance.

The jury were instructed, that if the father was the duly authorized agent of the defendants to make the contract and bind them, the defendants would be liable in this action.

The jury were also instructed that, in deciding whether the father was authorized by his sons (before the repairs were made) to make such a contract as their agent, the jury could consider the subsequent assent of the sons (if they found such assent) as evidence, from which, if the jury saw fit, they might find that the father was authorized to act as agent when he got the repairs done ; and that, so far as this question of prior authority was concerned, the assent was evidence competent to be considered against the defendants, whether they owned the wagons or received any benefit from the repairs, or not.

Among other things the jury were further instructed that, if they found that the defendants did not authorize their father to make the contract as their agent, but afterwards assented to what he had done, their assent would not make them liable in this action unless they owned the wagons at the time they were repaired, or received some benefit from the repairs. To this last instruction the plaintiff excepted.

The plaintiff requested the following instruction : " If the jury find that the father procured the credit as the agent, either actual or assumed, of the defendants, and the credit was really given to them, then the subsequent ratification by the defendants will bind them, even though they may not have received the benefit of the credit."

The instruction was not given, and the plaintiff excepted. Verdict for the defendants.

Motion to set aside the verdict.

*J. H. Benton, Jr.,* for the plaintiff.

In this case the jury were instructed, in substance, that even if they found that the father made the contract as the agent of the defendants, and the credit was actually given to them, and they subsequently ratified and adopted his act, still, if he had *no previous authority* to do this act, they would not be bound by the ratification unless they received some *benefit* from the credit.

We submit that this was clearly wrong, and that the instructions asked for should have been given. It is a part of the well settled law of agency that a subsequent ratification and adoption of the previous unauthorized act of an agent, or one *assuming* to be such, is in *all* respects equivalent to an original authority; and it is not necessary that the act ratified or adopted should have been originally done for the *benefit* of the party adopting it.

And no new consideration is necessary to sustain the ratification. *Bank* v. *Warren*, 15 N. Y. 580–83; *Culver* v. *Ashley*, 19 Pick. 301; *Forsyth* v. *Day*, 46 Maine 194; *Bank* v. *Crafts*, 4 Allen 455; *Davis* v. *Shields*, 24 Wendell 325; *Lawrence* v. *Taylor*, 5 Hill 107; *Mc Clean* v. *Dunn*, 4 Bing. 722; *O. & R. R. R.* v. *Middleton*, 20 Ill. 629.

*Fletcher & Heywood*, for the defendants.

The refusal of the court to instruct the jury as requested was not error.

The father assuming to act as the agent of the defendants would not make him agent, even in dealing with parties who supposed him to be such agent.

It is a well settled principle of law, that a person cannot create himself an agent without authority from the person for whom he presumes to act. And the principal is not bound by the assumed agent's contracts; and a subsequent promise to be answerable cannot be inforced. 3 Term R. 757. The instruction given by the court was not error.

The fact that the father assumed to act as the agent of the defendants did not make him such agent, and the assent or ratification by the defendants amounted simply to a promise to pay the debt or obligation of another, and is within the Statute of Frauds, and is void. Gen. Stat. N. H., sec. 13, p. 407.

In order to take it out of the statute there must be a consideration for the promise; and the consideration in this case, if any, would be the benefit the defendants received from the repairs; and unless they owned the wagons or received some benefit, it was a promise to pay the debt or obligation of another without consideration, and therefore within the statute.

Had the court instructed the jury as requested by the plaintiff, it would have had the effect of making the defendants liable, as the promise of a third party upon a pre-existing debt, without any new consideration, which would have been error. *Elder* v. *Warfield*, 7 H. & J. 391; *Meech* v. *Smith*, 7 Wend. 315. A promise to pay the debt of another, which is not reduced to writing and is not beneficial to the

promisor, is within the Statute of Frauds. *Martin* v. *Black*, 20 Ala. 309. The ratification of an agent's unauthorized contract must be authenticated so as to satisfy the Statute of Frauds.

The question of ratification of the contract being a question for the court and not for the jury, the instruction given by the court would infer that there was no such ratification as would bind the defendants unless they received some benefit from the contract.

Had it appeared that the defendants accepted any benefit from the acts of the unauthorized agent, he would have been precluded from denying his authority, but not otherwise. 5 Min. 339. This action was not brought upon any duty on the part of the defendants, which the law recognizes as springing from the whole transaction, but is brought upon a parol contract, which the statute requires to be in writing unless there was a consideration for the agreement.

The well settled law of agency referred to by the plaintiff is, that where a person assumes to act for another, signs the name of the principal for whom he assumes to act to negotiable paper, and the principal subsequently ratifies the *act*, it amounts to the acknowledgment of the signature as his own, and in law is the same as though he had signed the same himself, or had authorized the signing; and although in those matters it is, or may be, to answer for the debt or default of another, the fact of the ratification of the act of signing the principal's name takes the case out of the statute, and the principal is liable to the same extent as he would be had he signed the undertaking himself. The promise is then in writing, and the ratification of the act of the agent in signing the principal's name dates back to the original signing, and makes it an original undertaking or promise, and in writing, and signed by a person by him lawfully authorized, and takes those cases out from the operation of the statute.

FOSTER, J. The ratification, upon full knowledge of all the circumstances of the case, of an act done by one who assumes to be an agent, is equivalent to a prior authority. By such ratification the party will be bound as fully, to all intents and purposes, as if he had originally given express authority or direction concerning the act.

A parol contract may be ratified by an express parol recognition of the act, or by conduct implying acquiescence, or by silence when the party, in good faith, ought to speak. And so the principal may be estopped to deny the agent's original authority. Story on Agency, § 239; Metcalf on Contracts 112; *Hatch* v. *Taylor*, 10 N. H. 538; *Despatch Line* v. *Bellamy Manf. Co.*, 12 N. H. 232; *Davis* v. *School District*, 44 N. H. 399; *Warren* v. *Wentworth*, 45 N. H. 564; *Forsyth* v. *Day*, 46 Me. 194; *Ohio & Mississippi R. Co.* v. *Middleton*, 20 Ill. 629.

Such ratification relates back to and incorporates the original contract or transaction, so that, as between the parties, their rights and interests are to be considered as arising at the time of the original act, and not merely from the date of the ratification; and a suit to enforce the obligation assumed by the party who ratifies, is, to all intents and purposes, a suit founded upon the original act or contract, and not on

the act of ratification. *Davis* v. *School District,* before cited; *Low* v. *Railroad,* 46 N. H. 284; *Doggett* v. *Emerson,* 3 Story 737; *Mason* v. *Crosby,* 1 Woodb. & M. 342; *Clark's Executors* v. *Van Riemsdyk,* 9 Cr. 153; *Culver* v. *Ashley,* 19 Pick. 301; *Forsyth* v. *Day,* before cited.

Therefore the original consideration applies to the ratification, thus made equivalent to an original contract, and supports the implied promise upon which the present action is founded.

The ratification operates *directly,* and not merely as presumptive evidence that the act was originally done by the authority of the defendants; and therefore it is unnecessary to consider whether or not the evidence tends to show an original authority. The subsequent assent is, *per se,* a confirmation of the agent's act; and there is no valid distinction between a ratification of the agent's act, and a direct and original promise to pay for the services rendered by the plaintiff. Wherever there would have been a consideration for the original engagement if no agent or party assuming to act as agent had intervened, such original consideration is sufficient to sustain the act of ratification.

In none of the cases cited is the subject of a new consideration, to support the ratification, alluded to as necessary; but the logical deduction from the principle that the ratification relates back to and covers the original agreement, is wholly inconsistent with such a proposition; and the contrary doctrine is expressly held in numerous cases. *Commercial Bank of Buffalo* v. *Warren,* 15 N. Y. Rep. 583, and cases cited.

There was abundant evidence, in the present case, from which the jury might have found that the defendants owned the wagons and received a positive benefit from the repairs; but such evidence and such finding were wholly unnecessary, because it is not material that the party making the promise should receive a *benefit* from the other party's act; it is sufficient if any trouble, prejudice, expense, or inconvenience accrued to the party to whom the promise is made. Metcalf on Contracts 163; 1 Parsons on Contracts 431.

We are therefore of the opinion that the instruction of the court to the jury "that if they found that the defendants did not authorize their father to make the contract as their agent, but afterwards assented to what he had done, their assent would not make them liable unless they owned the wagons at the time they were repaired, or received some benefit from the repairs," was erroneous; and for this reason the verdict must be set aside, and a

*New trial granted.*